UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA D. MOHON                                              CIVIL ACTION

VERSUS                                                       NO. 15-2185

THE HANOVER INSURANCE                                        SECTION "H" (2)
GROUP ET AL.

## ORDER AND REASONS ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant Tower National Insurance Company's Motion to Compel Response to Request for Production of Documents, Supplemental Request for Production of Documents and Motion for Costs, Record Doc. No. 95, was timely submitted. However, plaintiff has now been granted leave to file a late opposition memorandum. Record Doc. Nos. 96, 98-99. Having considered the motion papers, the opposition, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART and DENIED IN PART, subject to the preclusion order contained herein, as follows.

The motion seeks four kinds of relief: (1) responses to Request for Production No. 7 seeking income tax returns and related materials for three years; (2) a verification of plaintiff's response to Request for Production No. 7; (3) an award of attorneys fees and costs; and (4) a response to defendant's supplemental Request for Production No. 1 seeking photos and videos of plaintiff's Florida and Colorado vacations.

The motion is denied as to Request for Production No. 7, but only subject to the preclusion order set out below. Plaintiff objects to this request, which seeks his income tax returns, on relevance grounds. Although his complaint, as amended, does not specifically seek lost wages, his damages allegations are so broadly worded, including "[p]ermanent disability . . . and [a]ll other damages which are proven at trial," that his pleading could reasonably be construed to contain such a claim. Record Doc. No. 1 at ¶ XIII, p. 5. He asserts, however, in his opposition memorandum that he "has remained employed in the same field as he was employed in prior to" the alleged injury that is the basis of this case and that he "is not asserting a claim for loss of future wages or loss of earning capacity." Record Doc. No. 99 at pp. 1-2. If this assertion is made binding, the additional tax returns beyond what plaintiff has already voluntarily produced would be irrelevant to any claim or defense. Accordingly, materials responsive to this request need not be produced, subject to the following: **IT IS ORDERED** that plaintiff is hereby prohibited from seeking to recover any amount for lost wages or earning capacity, either past or future, and prohibited hereafter from introducing any evidence of his income, unless on motion and order for good cause shown he is hereafter permitted to amend his complaint to expressly include a clear claim for such damages.

The motion is denied insofar as it seeks a verification of any response to a request for production. Unlike answers to interrogatories, which must be sworn under oath, Fed.

R. Civ. P. 33(b)(1), (3) and (5), Rule 34 contains no such requirement. Instead, the certification required in Fed. R. Civ. P. 26(g) suffices.

The motion is granted insofar as it seeks a response and production of the materials sought in supplemental Request for Production No. 1. Plaintiff has made no argument against this request in his opposition memorandum. The materials appear relevant to plaintiff's damages claims for pain and suffering and loss of enjoyment of life. Record Doc. No. 1, ¶ XIII, p. 5. Accordingly, **IT IS ORDERED** that, no later than **December 15, 2016**, plaintiff must provide defendant with a written response to this request clearly stating, without objections, either that he has produced all responsive materials, and made actual production of them, or that he has no such responsive materials in his possession, custody or control.

The motion is denied insofar as it seeks an award of attorney's fees and expenses. The motion has been granted in part and denied in part. Under these circumstances, I find that a just apportionment of expenses is that each party should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

New Orleans, Louisiana, this ____1st____ day of December, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3