UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA MOHON | CIVIL ACTION |
| VERSUS | NO: 15-2185 |
| HANOVER INSURANCE GROUP ET AL. | SECTION: "H"(1) |

ORDER AND REASONS

Before the Court are Defendant Amtrust North America, Inc.'s Motion for Summary Judgment (Doc. 62) and Defendant Universal Underwriters of Texas Insurance Company's Motion for Summary Judgment (Doc. 70). For the following reasons, Defendant Amtrust North America, Inc.'s Motion for Summary Judgment is DENIED, and Defendant Universal Underwriters of Texas Insurance Company's Motion for Summary Judgment is GRANTED.

BACKGROUND

This action arises out of an automobile accident that occurred on July 18, 2014. Plaintiff Joshua Mohon alleges that he was driving through an intersection when another vehicle, driven by Defendant Jacob Sweet, failed to stop at a stop sign and collided with the side of Plaintiff's vehicle.  At the time of the accident, Sweet was driving a loaner car owned by Defendant Trotter Auto El Dorado, LLC ("Trotter") and insured by Defendant Universal

1

Underwriters of Texas Insurance Company ("Universal"). Plaintiff brought suit against Sweet and his insurers The Hanover Insurance Group ("Hanover") and Safeco Insurance Company of Illinois ("Safeco"), in addition to Trotter and Universal. Plaintiff was working at the time of the accident and thus also added his employer's insurer, AmTrust North America, Inc. a/k/a Tower National Insurance Company ("Tower National"), as an additional defendant. Finally, Plaintiff brought suit against his own underinsured motorist carrier, Nationwide General Insurance Company ("Nationwide"). Universal thereafter filed a cross-claim against Tower National and Sweet seeking indemnity. Plaintiff has settled and/or dismissed his claims against Sweet, Trotter, Nationwide, Hanover, and Safeco. The remaining defendants, Universal and Tower National, have filed the instant Motions for Summary Judgment.

Universal, which provides a garage and auto policy covering Trotter, argues that it does not owe coverage to Plaintiff under the language of its policy. Tower National has filed its own Partial Motion for Summary Judgment alleging that Universal's policy provides coverage in the amount of $15,000. This Court will consider each argument in turn.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## **LAW AND ANALYSIS**

The summary judgment motions before the Court present an issue of contract interpretation.  The parties disagree over the interpretation of Universal's insurance policy covering Trotter.  Universal alleges that the policy provides that it owes coverage only to the extent necessary to comply with

---

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

Louisiana's minimum insurance coverage law and only if no other insurer has paid that amount. Tower National argues that the policy provides that Universal shall pay the amount required by Louisiana's minimum coverage law regardless of any amount paid by other insurers. The language of the provision in dispute reads as follows:

> The most WE will pay is that portion of such limits required to comply with the minimum limits provision law in the jurisdiction where the OCCURRENCE took place. When there is other insurance applicable, WE will pay only the amount required to comply with such minimum limits after such other insurance has been exhausted.

In this diversity case, Louisiana law controls.[9] Louisiana law governing the interpretation of insurance contracts is well settled. "An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[10] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[11] "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion."[12] "The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent."[13] "The determination of whether a contract is clear or ambiguous is a question of law."[14]

---

[9] *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011).
[10] *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96, 99 (La. 2004).
[11] La. Civ. Code art. 2046.
[12] *Carrier v. Reliance Ins. Co.*, 759 So. 2d 37, 43 (La. 2000).
[13] *Mayo*, 869 So. 2d at 99–100.
[14] *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 579 (La. 2003).

This Court holds that the policy provision at issue clearly states that Universal must only pay the minimum limits provided by law if the minimum has not otherwise been met by another insurer. Tower National's reading of the provision would require this Court to completely ignore the second sentence of the policy provision at issue. If the provision was read to say that Universal is required to pay the minimum coverage limit regardless of the payments made by other insurers, the second sentence would be rendered superfluous and meaningless. The second sentence of the policy provision unambiguously states that Universal owes coverage only to the extent that it is required to comply with Louisiana's minimum insurance coverage requirement after other insurance has been exhausted.

Louisiana law requires that an owner's policy of motor vehicle insurance must provide for a minimum of $15,000 worth of liability insurance coverage.[15] Accordingly, Universal must provide coverage to Plaintiff up to $15,000 unless another insurer has already met this minimum threshold. In this matter, Plaintiff has already settled with two other insurers in the amount of $75,000. Accordingly, the minimum coverage requirement has been met, and Universal is therefore not liable for any amount under the terms of its policy.

## CONCLUSION

For the foregoing reasons, Universal's Motion for Summary Judgment is GRANTED, and Tower National's Motion for Summary Judgment is DENIED. All claims by Plaintiff and Tower National against Universal are DISMISSED WITH PREJUDICE.

---

[15] La. Rev. Stat. § 32:900(B)(2)(a).

New Orleans, Louisiana this 20th day of December, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**